## VESCELIUS V. MARTIN.

Evidence that defendant placed her husband in apparent charge and control of her retail grocery business does not show authority in the husband to employ another to sell out the entire business in one transaction.

*Appeal from Arapahoe County Court.*

THE appellant was carrying on a retail grocery business at Denver, and her husband, W. S. Vescelius, had apparent charge and control of the same for her. The evidence tends to show that the appellee made a contract with the husband, as agent for appellant, whereby he, the appellee, was to make a sale of the entire stock of goods and fixtures for appellant, and that she was to pay him a commission of $200 for effecting such sale; that in pursuance of such contract the appellee found a purchaser for the stock of goods and fixtures, introduced such purchaser to W. S. Vescelius, the husband, and that thereupon an agreement for the sale of said goods and fixtures was entered into between said purchaser and the said W. S. Vescelius, as such agent, at a price satisfactory to the parties. No sale, however, was completed. The goods were not delivered, and no part of the purchase price was paid. The evidence tends to show that the alleged purchaser tendered a performance of the agreement on his part, and that the appellant, through her husband, as agent, refused to accept the tender, or to comply with the agreement on her part. The appellee, claiming, upon this state of facts, that he was entitled to his commission, brought this action against appellant, before a justice of the peace, to recover the same. An appeal was taken from there to the county court, where a trial was had, without a jury, and a judgment rendered in favor of the appellee, and against the appellant, for the sum of $200 and costs of suit; from which judgment an appeal has been taken to this court.

Messrs. TILFORD, GILMORE and RHODES, for appellant.

Mr. M. B. CARPENTER, for appellee.

DE FRANCE, C. The evidence in this case fails to disclose that W. S. Vescelius was possessed of authority

from his wife, the defendant, to make the contract sued upon. Without such proof the action must fail. The most that can be claimed for the evidence in this respect is that the husband was agent for the wife in conducting a retail grocery business. Granting the fact that his agency was a general one for this purpose, it does not follow that he had authority to sell out the entire business, stock and fixtures in one transaction. This authority is not to be implied from such an agency. But, if it were, the further authority in such agent to employ some one else to do so at the cost of his principal cannot be implied therefrom. It is not necessary to notice the other questions discussed by counsel. The evidence being insufficient to support the same, the judgment should be reversed and the cause remanded.

RISING and STALLCUP, CC., concur.

PER CURIAM. For the reasons assigned in the foregoing opinion the judgment is reversed and the cause remanded.

*Reversed.*